*413 OPINION of the Court, by
Ch. J. Bibb.
— Wick-Me appealed to this court from a judgment obtained against him for £. 118 16s. by Payne, in an action on the case, tried in the Hardin circuit court. The errors assigned are in substance the following:
«ofts o’/"an* tir.ua/ice cannot affect the judg.
exceptions admitted to record, by-ftanders 'ts having been prefented to the the'comt^efu-fed, cannot be taken as true, ed'by affidavits of the truth of ⅛ ftatementsi
,A? a*da}‘t relating to mo-tío» for new tri. a!, not made exceptions,win not be regarded, by'th^clerk'in ihe tranfcript.
Brown vs, AT Cenrfi,ante26j Martin 41— M'Clean vs. j^Hamsvs^Ma iey^z% — Mar-jhati vs. Red
Dartj; moving fwnew trja! ourilt ⅛ Ltfhe relies upon, and the court ftouid hypotheticafca fes to be after» war,i5 5,rov<%
*414 1st. That the declaration sets forth no cause o£ action.
2d. That the court erred in ordering the costs of the continuance at the April terna 1805 to be paid by the appellant, as the suit was not continued at his motion : and also in permitting the attendance of William Pile, 3S a w'tnessi t0 '>e taxed in the bill of'costs. 3d. That the finding of the jury is immaterial and insufficient.
4th. That ttle court erred in overruling the motion for a new trial.
5 th. That they erred in the opinions and decision stated in the last bill of exceptions.
The cause of action, as laid in the declaration, is, that the defendant, “of his malice, and for the express pur-Pose of imprisoning)” (the plaintiff in the present action,} did, without having any just cause of action against the plaintiff, sue out of, the clerk’s office of,” 8tc. a writ in covenant) with an endorsement, requiring bail, which which writ is set forth at large, laying the damage at £, 500 ; that, by virtue of that writ, William Pile, de-PutY sheriff, &c. arrested the said Payne, and imprisoned him for the space of twenty-four hours, averring that he was much impeded in the prosecution of his necessary and lawful business, and that the said action was afterwards dismissed by said Wickliffe, and the said Payne therefrom fully discharged: of which record he makes proffert, &c. l 5
... At April court, 1805, it was ordered that “ this suit be continued until the next term ; and it is farther ordered, that the plaintiff recover against the defendant his costs by him about this continuance expended.” On the seCond day after this continuance was ordered, the defendant in the action moved the court that the attendance of William Pile, a witness in this suit, should not be taxed in the bill of costs against the defendant j which motjorl was overruled, and the defendant took a bill of exceptions ; which states, “ that after the defendant had continued the suit,” the plaintiff produced a subpoena f°r William Pile, signed Benjamin Helm, which sub-pcena the said Benjamin Helm denied having issued ; anff farther stated, that it did not issue from his office, but that the plaintiff, or some other person, applied to him in Washington for a subpoena in this suit, and that. *415 he told John Reed, clerk of Washington county, that he might issue a subpoena in this cause ; that the signature to the subpoena, he thought, was not in the hand writing of said Reed, but thought it appeared like the hand writing of Moses Rice, stated to be a deputy clerk of said Reed.
The verdict of the jury is certified as saying, “ — — that the defendant is guilty of the false imprisonment, as the plaintiff in his bill hath declared, and they assess the plaintiff’s damage, by occasion thereof, to one hundred and eighteen pounds sixteen shillings, beside his costs and thereupon judgment was rendered.
The defendant moved for a new trial, and specified the following causes:
1st. Because the damages were excessive andenormous.
2dly. Because the jury, after they retired to consult of their verdict, and before they had agreed, “did eat, drink, fiddle and darxe, and persons not of the jury were admitted into the room with them, and did partake with them in drinking spirituous liquors, revelling and carousing.
3d. Because one of the jurors separated from his fellow's and conversed with persons not of the jury, after they had retired, and before they had agreed in their verdict.
4th. Because the jury, in making up their verdict, 4c proposed, each man, a certain sum, and then divided by twelve.”
5th. Because the defendant was surprised by the evidence of Martin Hardin, sworn on the part of the plaintiff, whose evidence could have been so explained by other persons as to have been understood differently by the jury, had the defendant been apprised of the evidence of the said witness.
6th. Because the jurors conversed with persons not of the jury, before they were agreed, and after they had retired from the bar.
This motion was made at the July term, in the year 1806, and continued until the October term, at which time the said defendant filed sundry affidavits in support of his motion ; and the court took time to advise, and continued the motion until the next term, at which time, viz. on the 28th of April, 1807, the court delivered a written opinion, and overruled the motion.
*416 After this opinion was delivered, the defendant tens dered a bill of exceptions, which the court refused to sign ; but which, being signed by two by-standers, was admitted to record. It states, in substance, that after the court had delivered their opinion, the defendant, by" his counsel, offered, in addition to the former evidence in support of his motion, the letter of John Hat bison, which is set forth : it bears date Cape Gerardeau 14th October, 1806, and appears to be an answer to a letter addressed to him by the appellant* — stating, in substance, that Payne had applied to him to be his bail ; that he consented ; that Payne told him he wanted him to refuse, that he intended to go to jnil, and sue Wickliffe for false imprisonment; that Payne went to jail; that it was not locked, and he was out in a few minutes ; but that length of time and inattention have measurably obliterated the transaction from his inemorv. This letter was accompanied with the affidavit of Wickliffe, that he believed the letter true, and the sum and substance of what Harbison would swear in the suit of Payne vs. Wickliffe; which affidavit is certified of the 14th of February, 1807. This bill of exceptions farther states, that the defendant offered to prove the same to be the hand writing of said l iarbison; that he also “ offered to. prove, by a witness wholly disinterested, and then in court, that the jury who tried this cause divided by twelve in settling the quantum of damages,” but the court refused to hear the said evidence ; to which opinion and refusal of the court the defendant excepts. The certificate of the by-standers is, “ that the above bill of exceptions was offered to the court and they refused to sign it.” The court certify, as their reasons for refusing, that the matter of evidence offered to be adduced came too late, in their opinion ; that the motion for a new trial was made at the July term, 1806, at which time the plaintiff in the motion ought to have filed all his proof in support of the causes assigned, but the court allowed him until the October term, when he filed the affidavits which the court had under consideration, and the question was then submitted to the court without argument; that the court had taken time to advise until the present term ; and after the court delivered their opinion, the plaintiff, by his counsel, offered his supplementary evidence. “2dly. Because, from the *417 affidavit of Benjamin Helm, Esq. now filed, upon whom the plaintiff relied to prove that the jury divided by twelve, that part of the bill is not true. 3dly. They certify that an interlineation had been made in the bilí,' without their knowledge, after the court had refused to sign it; which interlineation it is unnecessary to state in deciding upon the questions in this court.
Upon the first question, this court is of opinion that the declaration does contain a good and substantial cause of action, viz : that the said Wickliffe, maliciously, and with the express intention of imprisoning said Payne, sued out a writ of covenant, laying his damage at £. 500, requiring bail of Payne, and thereby did effect his malicious intention, without any just cause of action; of which action the said Payne had been fully discharged, and the action dismissed by the plaintiff himself
The court are inclined to believe that the first member of the second assignment was made from mere inadvertence. It is predicated upon a supposition that the continuance was not granted upon the application of the appellant: whereas, if any doubt could have existed on the face of the order for continuance, the appellant’s own bill of exceptions is conclusive against him upon .the point. He acknowledges therein his motion for a continuance, and objects not to the charge or taxation against him of the general costs thereby occasioned, but to t’ne taxation of the costs of a particular witness, alluded to in the second member of this assignment. It is evident that whatever might be the determination upon this second assignment, it could not affect the judgment in chief. The order of court complained of is but collateral and incidental; it does not enter into, or mingle with the merits of the final judgment. Without intending to decide whether a writ of error or appeal would lie upon such an insulated order of court, it is sufficient in the present case to say that we will not overrule the opinion of the court in refusing; to sustain the objection made to the taxation of William Pile’s attendance as ⅛ witness. The objection to the subpoena was too nice, and rigidly technical, to come from one who had obtained a continuance upon the payment of costs ; and the court, upon the evidence exhibited, exercised a proper discretion in overruling the objection.
*418 Upon the third question, the court is of opinion, that the verdict is sufficient, and responsive to the issue joined. The plaintiff had charged an imprisonment without any just cause, and of the malice and deliberate intention of the defendant; the plea was, not guilty in manner and form as the plaintiff hath declared; the verdict was, guilty of the false imprisonment as tht plaintiff in his bill hath declared.
It is unnecessary for this court to go into an examination of the six causes stated by the appellant as the substrata of his application for a new trial; since neither the evidence adduced in support of the motion, not the evidence given on the trial, has been spread upon the record. The opinion of the court below is a clear mirror, reflecting as well the correct legal deductions from the facts premised, as credit to the court who gave it. The authorities cited by that court, as well as the former decisions of this court upon some of the points involved, fully support the positions* taken against the motion. And there is no evidence in the record which *419 «jan enable this court to say the facts assumed in that opinion were unwarranted.
The last bill of exceptions, although admitted to record, is not verified by the certificate of the bystanders; they have only certified that it was presented to the court, and that the court refused to sign it; but the by-standers have not certified that its statements are true. Therefore, it cannot be entitled to credit farther than according to the certificate of the judges respecting it — Vide Wright vs. Nichols, decided spring term, 1808 (a). It is admitted by the judges that the letter of Harbison, and the affidavit of the appellant respecting it, was presented to them. The evidence of Harbison could only mitigate the damages, not bar the action ; 't does not appear but that evidence to the same point’- was given on the trial; the affidavit does not disclose at what time Wickliffe was informed that Harbison knew something relative to the subject of controversy; he has not stated in the affidavit that he was ignorant of the bearing of his testimony at the trial of the cause ; without which, even if it were a new substantive matter of defence, about which there had been no evidence on the trial, the court should have disregarded it. As an independent cause of new trial it. is therefore not even colorable : and this court cannot combine it with the first or fifth causes alleged in the petition, because they cannot know what the evidence on the trial was upon those points ; but, above all, the court exercised a very proper discretion in refusing to take it under consideration, after the very liberal opportunity afforded before that time for making good the motion.
The second member of this bill of exceptions states that the appellant “ offered to prove,5’ he. ; here we must apply the anathema contained in the opinion delivered at this term, in the ease of Heath vs. Conway (b), against attempts at new trials by “ offers to prove.” This case is a strong one, amongst others, to evince the practical utility which will result from the rule prescribed, that the person moving for a new trial should exhibit his case as it really is. by affidavits (c) filed as the basis of his motion, and that the court should not act upon hypothetical statements of the case. Here the appellant state» that he “ offered to prove,” by a witness. *420 wholly disinterested, that the jury divided by twelve in making up their verdict; the court refused to actupoa the motion ; he tendered his bill of exceptions, and, before the case was finally disposed of, produced the affidavit of the witness ; the court, upon sight of the affidavit, certify that the witness relied upon proves the statement not true. Yet the appellant would have this court to adjudicate upon his bill of exceptions, in which he has not engrafted the affidavit of the witness ; neither has he proceeded to verify his bill, according to the mode prescribed by the statute in such cases provided — (Vide 2 Brad. E. L. K. p. 107, sec. 4-, and the commentary on that section in Wright vs. Nichok, before cited.) But if the appellant would have us to regard the affidavit of Benjamin Helm, copied in this transcript, (but which had not been made a part of the record, then it would appear, that so far from deciding upon the assessment of damages by dividing the amount of each juror’s statement by twelve and taking the result* the jury came into court after the supposed experiment, declared they had not agreed, retired again, and did not render their verdict until the next day. In no view of the case which the record exhibits, does the motion foe a new trial appear to have been improperly overruled-
Judgment affirmed.

 Note. — The portions taken, and authorities cited by Judge Brodnax, before whom the caufe was tried, are as follow :
Upon lit point- — In actions founding merely in damages, the court fhould not grant a new trial merely-for exceffive damages, unlefs they are fa enormoufly and outrageoufly exceffive atfirft bluffi as to leave marks 5f prejudice, palfion or partiality in rhe jurors — 2 Wilfon 160, 205, Cowper 230, Morgan’s Effays, 2 vol. 230 to 261, Bacon’s Abridg. title damages, ¾ vol» 30, 11. That the damages do not appear fo exceffive and outiageous from the evidence given.
Upon ad point — That a juryman who eat» or drinks before he is-difcharg-ed is finable, out the verdict is not vitiated unlefs he ate or drank at the coils of the party in whole favor the verdict is found — Coke Litt. 227, b, Tuck Black 3 vol. 375, Morgan’s Effays, 2 vol. 20, 46. It did not appear that the jury ate or drank at the eojls of either party, but at their own.
On 3d and 6th points — That a juror feparating from his fellows, is not fuf-ficienc caufe for new trial ; nor that he converted, upon a fubject foreign f© the iflue, with a by-JUtr.dtr — 2 Mor. Effays 20, 46, Bac. Abridg* title verdict, H. Nor is it caufe for new trial that one of the parties converted with a juror upon a fubject foreign to the cafe under confederation 5 nor that there were others with the ju-y, if they did not fpeak or advife with the jury upon the fubject matter in iflue — 2 Hale’s, P C. 308-9.
Upon 4'h point — The defendant in the action attempted to eftablifb the fact that the jurymen divided bv twelve in making their aff Ament of damages | the judge relufed to hear the oa*hs of the jurors toeftabliih the fact ; that fuels teftimony ought not to come irom the mouth of a juror, he cited Vaife vs. Dejaval, 1 Term p 11, 3 Black Com. (Chiftian’s notes) 388, Mor, Effays, vol 48, 1 Wafh Cochran vs Street, 81.
Up.-n 5th point — A new trial ought not to be granted on account of evi-dente dilcevered after trial, which, by due diligence, might have beeil(Üfc&* vered before — Bac, Abridg, title trial -y ■ ».■ (L.) fe} 116,

 Ante 296.

 Ante 398.

 Reed verfus Miller ante 145.